IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUNGLE DEMOCRACY and KAMAL KARNA ROY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. No. 06-503-SLR<br>) |
| UNITED STATES OF AMERICA, et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiffs Jungle Democracy and Kamal Karna Roy ("Roy") filed this civil rights action on August 14, 2006. They appear pro se and seek in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 1) For the reasons discussed below, the motion for leave to proceed in forma pauperis is granted as to Plaintiff Roy. The complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

Initially, the court notes that Roy is the only plaintiff who signed the complaint and he is the only plaintiff to file an application to proceed in forma pauperis. The court will therefore consider Roy as the sole plaintiff in this action. Jungle Democracy will be dismissed as a plaintiff. Roy's application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 will be granted.

Roy filed this lawsuit against forty-nine defendants,

including God, the United States, various United States agencies, federal officials and judges, numerous agencies and officials for the State of New York, governments of foreign countries such as India and Iraq, communication companies such as Verizon Wireless, insurance companies and financial institutions, Kentucky Fried Chicken, the <u>New York Times</u>, and private individuals.  The complaint appears to be a "cut and paste" of other lawsuits filed by Roy and it contains many handwritten, scribbled notes in its margins.

Roy is no stranger to litigation and has filed numerous lawsuits throughout the United States and its territories under the names of Roy and Joseph Geronimo, Jr., as well as entities he is affiliated with (i.e., Jungle Democracy, Handicap Interests International, Reforms International), to-wit:  <u>Geronimo v. State of New York</u>, 1:06-cv-07-JLR (D. Guam closed Mar. 16, 2006); <u>Jungle Democracy v. No Named Defendants</u>, 1:06-cv-676-ZLW (D. Colo. closed June 13, 2006); <u>Jungle Democracy v. Bush</u>, 2:06-cv-505-RBS (E.D. Pa. closed Feb. 14, 2006); <u>Roy v. State of New York</u>, 1:06-cv-08-SS (W.D. Tx. closed Jan. 20, 2006); <u>Roy v. United States</u>, 1:03-cv-8354-MBM (S.D.N.Y. closed Feb. 23, 2005); <u>Handicap Interests Int'l v. United States Gov't</u>, 1:99-cv-3121-TPG (S.D.N.Y. closed Apr. 30 1999); <u>Reforms Int'l v. City of New York</u>, 1:95-cv-7248-RWS (S.D.N.Y. closed Oct. 7, 1995); <u>Handicap Interests Int'l v. United States</u>, 1:95-cv-2152-SAS (S.D.N.Y.

closed May 24, 1995); <u>Handicap Interests Int'l v. United States Dep't of the Army</u>, 1:95-cv-1642-SAS (S.D.N.Y. closed Mar. 23, 1995); <u>Reforms Int'l v. City of Los Angeles</u>, 1:94-cv-5204-DLC (S.D.N.Y. closed Nov. 30, 1994); <u>Reforms Int'l v. Renquist</u>, 1:94-cv-7198-HB (S.D.N.Y. closed Oct. 20, 1994); <u>Reforms Int'l v. Bush</u>, 1:94-cv-5964-PKL-BAL (S.D.N.Y. closed Aug. 26, 1994); <u>International Siva Consciousness & World Religions v. United States</u>, 1:92-cv-8188-JFK (S.D.N.Y. closed Aug. 20, 1993); <u>Geronimo v. City of New York</u>, 1:91-cv-1703-LBS (S.D.N.Y. closed July 10, 1991); <u>Roy v. State of New York</u>, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006); <u>Jungle Democracy v. State of New York</u>, 7:06-cv-31-NAM-GJD (N.D.N.Y. filed Jan. 10, 2006); <u>Jungle Democracy v. State of New York</u>, 1:06-cv-207-WS-B (S.D. Ala. filed Apr. 5, 2006).

The complaint is a rambling discourse and is virtually unintelligible. It makes vague references to discrimination, overcharging by telecommunication companies, deprivation of employee benefits, corruption, the failure of democratic societies and God's role therein, actions taken by President George Bush during his presidency, irregularities in the workers' compensation industry, and civil rights violations for failure to provide an attorney in a civil case. (D.I. 2 at 12, 18, 24, 25, 29, 34, 35) The complaint also contains a plea for assistance to victims of all disasters, be they natural or manmade. <u>Id.</u> at 32,

43.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in

the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### III. ANALYSIS

After reviewing the complaint, the court finds that it is both frivolous and malicious, as that term is defined in the context of § 1915. With regard to maliciousness, plaintiff states in the complaint that he filed a civil complaint in various jurisdictions in December 2005, for various damages, but "on different grounds . . . as the text of the complaints are close but legally separate." (D.I. 2 at 18)  The court reviewed the complaints filed in Roy v. State of New York, 1:06-cv-00008-SS (W.D. Tx. closed Jan. 20, 2006), Roy v. State of New York, 7:06-cv-31-GJD (N.D.N.Y. filed Jan. 10, 2006), and Roy v. State

of New York, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006), and notes that the complaints contain many of the same allegations as in the present complaint, as well as many of the same defendants.

Additionally, the complaint in the current case is clearly frivolous. Even construing the complaint liberally, the court is unable to discern under what theories plaintiff attempts to proceed. He refers to religion, politics, "jungle democracy", and workers' compensation. The complaint does not adequately apprise the defendants of their alleged wrongdoing. Moreover, in the rare case when a sentence is intelligible, the allegations fail to state a cause of action. For example, plaintiff complains of actions taken by George Bush during his presidency, but those complaints do not rise to the level of a viable claim. Having said that, for the most part, the complaint is unintelligible. There are handwritten notations throughout the complaint and seemingly unrelated phrases are interspersed throughout the document. Indeed, the court is unable to recognize any cognizable claim.

Accordingly the complaint is dismissed with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). See Jungle Democracy v. Bush, No. 06-cv-505 (E.D.Pa. Feb. 14, 2006), aff'd, No. 06-1911 (3d. Cir. June 2, 2006)(complaint that is irrational and incomprehensible with no

cognizable claim or intelligible sentence is dismissed with prejudice).

## IV. CONCLUSION

At Wilmington this 12th day of September, 2006 for the reasons set forth above, IT IS ORDERED that:

1. The application to proceed without prepayment of fees under 28 U.S.C. § 1915 (D.I. 1) is GRANTED as to plaintiff Kamal Karna Roy.

2. Jungle Democracy is dismissed as a plaintiff.

2. The complaint is DISMISSED with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff is not required to pay the $350.00 filing fee.

                                                               _____
UNITED STATES DISTRICT JUDGE